785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
JOYCE ANN HOUSTON, Defendant-Appellant.
 85-1377
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Joyce Ann Houston appeals the denial of two motions for a new trial made after her jury conviction for misapplication of credit union funds in violation of 18 U.S.C. Sec. 657. After reviewing the record, we find that the district court did not abuse its discretion in denying the motions and we affirm the judgment on the jury verdict.
 
 
 2
 Houston was employed as a full time employee between October 1982 and July 1983 at the Business and Professional Credit Union (Credit Union) operated by the National Association of Negro Business and Professional Women's Clubs (NANBPW). Prior to accepting the full time position, she worked in a part time capacity for the Credit Union. She was hired as a full time employee only after the NANBPW approved a grant of eight-hundred dollars per month designated specifically for the purpose of hiring a full time employee for the Credit Union.
 
 
 3
 As part of her duties, Houston prepared her own payroll checks and submitted them to one of three different credit union officers for approval. The checks were submitted two to four times per month and totalled in excess of eight-hundred dollars in each of the months Houston was employed full time at the Credit Union. The checks were not submitted at regular intervals and were never submitted to the same officer for approval. On October 8, 1983, one of the officers conducted an audit of Houston's payroll account and discovered Houston was paying herself more than the approved salary.
 
 
 4
 After a criminal investigation by the FBI, Houston was indicted on fifteen counts of misapplication of credit union funds in violation of 18 U.S.C. Sec. 657. She was subsequently found guilty on all counts by a jury verdict on February 27, 1985. Before entry of judgment, Houston filed a motion for a new trial arguing that the verdict should be set aside as against the weight of the evidence. She also filed a separate motion for a new trial based upon newly discovered evidence. The district court denied both motions and sentenced Houston to four years probation, ordered her to perform two hundred-forty hours of community service and ordered her to pay restitution in the amount of $6,377.60.
 
 
 5
 Houston concedes that she paid herself more than eight hundred dollars per month, but she contends that the evidence did not show she had any intent to defraud the credit union. She bases her argument on three facts: (1) that she worked overtime, (2) that she made notations on her checks showing she worked overtime; and (3) that all her checks had been signed by members of the credit union.
 
 
 6
 There was, however, evidence submitted that refuted Houston's claims. Before Houston became a full time employee, two of the board members told Houston that the grant from NANPW was for eight hundred dollars a month and there were no funds available to pay fringe benefits, overtime or employment taxes. Houston admitted that no one ever told her that she would be paid for any overtime, but, of her own volition, she prepared her payroll checks to compensate her for any hours worked in excess of 35 per week. The payroll checks were never submitted to the same board member for approval. In fact, on several occasions individual board members approving her payroll check were unaware that Houston had also obtained approval for another check a few days earlier. Moreover, she computed her salary by four different hourly rates with no consistent pattern. There were also instances where she failed to return a travel advance for a trip that was cancelled and increased the limit of her revolving loan account without approval.
 
 
 7
 Given the overwhelming nature of the evidence in this case, we are compelled to conclude that the district court did not abuse its discretion in denying Houston's first motion for a new trial.
 
 
 8
 Houston also appeals the denial of her motion for a new trial based on newly discovered evidence. This evidence consisted of monthly operating reports of the credit union reflecting the monthly compensation expenses for employees. In this circuit, in order for a defendant to obtain a new trial based on newly discovered evidence, the defendant must show that the evidence:
 
 
 9
 (1) was discovered only after trial;
 
 
 10
 (2) could not have been discovered earlier with due diligence;
 
 
 11
 (3) is material and not merely cumulative or impeaching; and
 
 
 12
 (4) would likely produce an acquittal if the case were retried.
 
 
 13
 United States v. Barlow, 693 F.2d 954, 966 (6th Cir. 1982), cert. denied, 461 U.S. 945 (1983).
 
 
 14
 Houston argues primarily that she did not discover the reports prior to trial because she did not realize their relevance and that the reports reflect, in fact, that the credit union's compensation to its employees was in excess of eight hundred dollars. These arguments are, however, unavailing here. First, Houston prepared the reports herself, so she can not argue persuasively that she was unaware of their existence and could not have discovered them with due diligence. Secondly, although the reports are arguably material, based on the nature of the evidence, they are not likely to produce an acquittal if this case were retried. Therefore, the district court did not abuse its discretion in denying the second motion for a new trial.
 
 
 15
 Accordingly, the judgment on the jury conviction is AFFIRMED.